# In the United States District Court
## for the Southern District of Georgia
## Brunswick Division

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 NOV 29  A 10: 28

CLERK _____
SO. DIST. OF GA.

| | | |
|---|---|---|
| REBEL TRACTOR PARTS, INC., | : | CIVIL ACTION |
| and REBEL AUCTION CO., INC., | : | |
| Plaintiffs, | : | |
| v. | : | |
| AUTO-OWNERS INSURANCE COMPANY, | : | |
| Defendant. | : | NO. CV206-102 |

## O R D E R

Plaintiffs, Rebel Tractor Parts, Inc. ("Rebel Tractor") and Rebel Auction Co., Inc. ("Rebel Auction"), (collectively "Rebel"), filed this diversity action against Defendant, Auto-Owners Insurance Company ("Auto-Owners"), seeking to recover insurance proceeds allegedly due, as well as attorney's fees and court costs, pursuant to O.C.G.A. § 33-4-6. Presently before the Court is Defendant's motion for summary judgment. Because the Court finds that genuine issues are in dispute, Defendant's motion will be **DENIED**.

AO 72A
(Rev. 8/82)

**FACTS**

The relevant facts are not in dispute. Auto-Owners issued commercial policy number 004618-48453135-3 (the "Policy") to Rebel, effective December 17, 2003, through December 17, 2004. The Policy included coverage up to $250,000 for dealer inventory stored inside Rebel Tractor buildings. (See Policy, Defs.' Ex. A.)

The Policy included an appraisal provision. In the event the parties disagreed on the value of a loss,

> either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will: a. pay its chosen appraiser; and b. bear the other expenses of the appraisal and umpire equally.

(See Policy, Form CP00101091 Part E.2 at 6.)

The Policy further provided,

> We will pay for a covered loss or damage within 30 days after we receive the sworn proof of loss, if:
>
> (1)  You have complied with all of the terms of this coverage part; and
>
> (2)  (a)  We have reached agreement with you on the amount of loss; or

2

    (b)   An appraisal award has been  made.

(<u>See</u> Policy, Form CP00101091 Part E.4.f at 8.)

    Finally, the Policy provided,

No one may bring a legal action against us under this Coverage Part unless:

1.    There has been full compliance with all of the terms of this Coverage Part; and

2.    The action is brought within two years after the date on which the direct physical loss or damage occurred.

(<u>See</u> Policy, Form CP00900788 at 1.)

    On April 7, 2004, while the Policy was in full force and effect, Rebel Tractor suffered a fire loss at its facility located at 1211 Bell Telephone Road in Hazelhurst, Georgia. Rebel timely notified Auto-Owners of its claims, including damage to a building containing parts inventory sold by Rebel Tractor as part of its business.

    After conducting its own investigation, Auto-Owners issued several checks to Rebel under various coverages under the Policy.  The disbursed benefit proceeds included $94,956.58 for damage to the used parts inventory stored in the Rebel Tractor building.

    Auto-Owners was on notice that Rebel Tractor disputed Auto-Owners' calculation of the value of the parts inventory

AO 72A
(Rev. 8/82)

and that Rebel Tractor sought the $250,000 policy limit.  (See Barfield Oct. 7, 2004 Letter, Pls.' Ex. 2.)  In Auto-Owners' October 7, 2004, correspondence with Rebel, Auto-Owners acknowledged that a dispute existed as to the value of the damaged inventory.  Auto-Owners indicated that the parties' respective accountants "would get together on the value for the inventory, [and] a separate draft will be issued if owed." (Id.)

It appears from the record that only limited communication followed.  On March 23, 2005, Rebel Tractor, through its counsel, wrote Auto-Owners' adjuster regarding the status of the claim.  In the letter, Rebel Tractor inquired as to the exclusivity of the arbitration and/or appraisal provisions as the sole methods to resolve any dispute as to the value of the loss.  (See Smith March 23, 2005 Letter, Def.'s Ex. B.)  There is no evidence in the record that Auto-Owners responded to the correspondence.  (See Smith Jan. 2, 2006 Letter, Def.'s Ex. C.)

On January 2, 2006, Rebel Tractor made a demand on Auto-Owners in writing in the amount $155,043.41, the difference between the policy limit and the amount of proceeds previously disbursed for the parts inventory loss.  (Id.)

AO 72A
(Rev. 8/82)

On January 23, 2006, Auto-Owners' adjuster responded to Rebel Tractor's January 2, 2006, correspondence. The adjuster stated Auto-Owners' position and indicated that if Rebel Tractor disagreed, it had the option of demanding an appraisal under the terms of the Policy. (See Barfield Jan. 23, 2006 Letter, Pls.' Ex. 4.)

Auto-Owners made a demand for appraisal via facsimile and Federal Express on April 5, 2006, one day before the two year contractual statute of limitations on Rebel's claims expired. (Dietrichs April 4, 2006 Letter, Def.'s Ex. E.)

On April 6, 2006, Rebel filed a complaint in the Superior Court of Jeff Davis County and Auto-Owners subsequently removed the action to this Court. Rebel seeks damages in the amount of $155,043.41, as well as attorney's fees and bad faith penalties pursuant to O.C.G.A. § 33-4-6.

**DISCUSSION**

Summary judgment is appropriate when no genuine issues remain and the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(c). In so doing, all facts and reasonable inferences are to be construed in favor of the non-moving party. Hogan v. Allstate Ins. Co., 361 F.3d 621,

5

AO 72A
(Rev. 8/82)

625 (11th Cir. 2004).   The party opposed to the summary judgment motion, however, "may not rest upon the mere allegations or denials in its pleadings. Rather, its responses . . . must set forth specific facts showing that there is a genuine issue for trial." Walker v. Darby, 911 F.2d 1573, 1576-77 (11th Cir. 1990).

The parties do not dispute that the subject policy includes an appraisal provision for resolving any dispute as to the value of any loss. Nor does the insurer challenge its liability for the claimed loss. Instead, Auto-Owners argues that participation in the appraisal process is a condition precedent to filing suit and, therefore, Rebel's claims are premature. Rebel, however, argues that Auto-Owners' appraisal demand, made two days before the contractual statute of limitations expired and outside Plaintiff's demand made pursuant to O.C.G.A. § 33-4-6, was untimely and, therefore, the appraisal provision was waived.

Generally, an appraisal provision in an insurance contract is not a condition precedent to filing suit. Atlas Assur. Co., Ltd. v. Williams, 158 Ga. 421, 123 S.E. 697 (1924); Goldberg v. Provident Wa. Ins. Co., 144 Ga. 783, 87 S.E. 1077, 1079 (1916).   Rather, the appraisal process is the contractually

6

agreed upon manner in which the parties agreed to resolve any dispute as to the value of a covered loss. <u>S. Gen. Ins. Co. v. Kent</u>, 187 Ga. App. 496, 497, 370 S.E.2d 663, 664 (1988). Under Georgia law, only when the insurer makes <u>proper</u> demand and names an appraiser, does an appraisal provision create a condition precedent to filing suit. <u>See Gov't Employees Ins. Co. v. Hardin</u>, 108 Ga.App. 230, 232, 132 S.E.2d 513, 515, <u>aff'd</u>, 219 Ga. 474, 133 S.E.2d 873 (1963); <u>see also Cloud v. Ga. Farm Bureau Mut. Ins. Co.</u>, 117 Ga. App. 159, 159 S.E.2d 446 (1968); <u>Nat'l Fire Ins. v. Lams</u>, 34 Ga.App. 246, 129 S.E. 116 (1925).

The appraisal provision, however, may be waived. <u>Williams v. S. Gen. Ins.</u>, 211 Ga. App. 867, 868, 440 S.E.2d 753, 754 (1994) ("A provision of an insurance policy may be waived by inaction and delay on the part of the insurer."). The right to require an appraisal is not indefinite as to time, but must be exercised within a reasonable period of time depending on the facts of a particular case or the right to demand appraisal is waived. <u>See</u> Ga. Jur., Insurance § 21:14 (citing Am. Jur. 2d, Insurance § 1656). Whether an insurer has waived strict compliance with a plan provision is normally a jury question. <u>Fremichael v. Doe</u>, 221 Ga.App. 698, 701, 472 S.E.2d 440, 443

(1996): <u>TRW, Inc. v. Ebersole</u>, 177 Ga. App. 727, 727, 341 S.E.2d 267, 268 (1986).

The Court has found no binding case law directly on point as to what constitutes an unreasonable delay, thereby waiving the right to invoke an appraisal provision, when the contract fails to proscribe a specific time limit for making an appraisal demand. The two factors most decisive in other jurisdictions when considering this issue are the time between the breakdown of good faith negotiations concerning the amount of the loss and the appraisal demand, and prejudice to the other party resulting from the delay. See <u>Terra Indus., Inc. v. Commonwealth Ins. Co. of Am.</u>, 981 F.Supp. 581, 602 (N.D. Iowa 1997); <u>Bard's Apparel Mfg., Inc. v. Bituminous Fire & Marine Ins. Co.</u>, 849 F.2d 245, 249 (6th Cir. 1988); <u>Kester v. State Farm Fire & Cas. Co.</u>, 726 F.Supp. 1015, 1019 (E.D. Pa. 1989).

Auto-Owners' reliance on the United States District Court for the Middle District of Georgia's decision in <u>Auto-Owners Insurance Company, Inc. v. J.H. McCommons Company, Inc.</u>, 399CV41 (M.D. Ga. 1997), is misplaced. In <u>McCommons</u>, Auto-Owners demanded an appraisal less than four months after the alleged loss occurred. (Def.'s Ex. H at 4.) In contrast, in

8

the instant case, Auto-Owners' waited until two days before the contractual two year statute of limitations expired to invoke the appraisal provision.

Auto-Owners was on notice that a dispute existed as to the value of the inventory as early as October 7, 2004, the date it issued the $94,804 draft. (See Pl.'s Ex. 2.)  It was Auto-Owners' position at that time that the respective accountants would attempt to valuate the inventory.  The Court finds significance in the fact that Auto-Owners made no mention at that time of the policy appraisal provision. (Id.)  It was not until January 23, 2006, in response to Rebel's demand that Auto-Owner made any mention of the appraisal provision and, then, only that Rebel had "the option of appraisal." (See Pl.'s Ex. 4.)   Even then, Auto-Owners did not demand participation in the appraisal process.  Auto-Owners concedes that it first made its demand for appraisal via facsimile and Federal Express on April 5, 2006, two days before the statute of limitations had run on the action. (See Dietrichs April 5, 2006 Letter, Pls.' Ex. 10.)

A reasonable jury could find that Auto-Owners waived the appraisal provision.  The evidence in the record shows that good faith negotiations had broken down, at the latest, by

9

March 23, 2005. At that time, Rebel Tractor's counsel wrote Auto-Owners' adjuster regarding the status of the claim. In the letter, Rebel Tractor inquired as to the exclusivity of the arbitration and/or appraisal provisions as the sole methods to resolve any dispute as to value of the loss. There is no evidence in the record that Auto-Owners responded. It was not until ten months later, on January 23, 2006, in response to Rebel's bad faith demand, that Auto-Owners again communicated with Plaintiffs.

Defendant appears to argue that only impossibility would constitute sufficient injury to warrant a finding that the demand was untimely and, therefore, waived. Such a conclusion would result in evisceration of the purposes of O.C.G.A. § 33-4-6. This Code section was enacted for the purpose of penalizing insurers that delay payments without good cause. <u>Ga. Int'l Life Ins. Co. v. Harden</u>, 158 Ga.App. 450, 280 S.E.2d 863 (1981). Were the Court to adopt Defendant's position, an insurer would never be subject to the requirements of O.C.G.A. § 33-4-6, provided an appraisal provision is included in the contract for insurance — a contract drafted by the insurer — because the insurer could always wait to make the demand until

__after__ the plaintiff files suit.[1]  An attempt to misuse the appraisal provision in order to delay unreasonably adjustment of a valid loss is a breach of good faith.  Thus, the Court concludes that a reasonable jury could find that Auto-Owners waived the appraisal provision by making the demand two days prior to expiration of the two year contractual statute of limitations and after the 60 day demand pursuant to O.C.G.A. § 33-4-46.  Similarly, a reasonable jury could find that Defendant's failure to pay the claim within the 60 days provided in O.C.G.A. § 33-4-6,[2] or to invoke the appraisal provision, was frivolous or unfounded, thereby warranting a finding of bad faith.

---

[1]   As previously noted, the burden is on the insurer to make an appraisal demand because an appraisal provision in an insurance contract does not become a condition precedent to suit until the __insurer__ makes a proper, non-waived demand.  __Nat'l Fire Ins. v. Lams__, 34 Ga.App. 246, 129 S.E. 116 (1925).

[2]   A gross disparity in the settlement offer may constitute a refusal to pay.  __Gov't Employees Ins. Co. v. Hardin__, 108 Ga. App. 230, 234, 132 S.E.2d 513, 516, __aff'd__, 219 Ga. 474, 133 S.E.2d 873 (1963) ("[A] a jury may find that an offer of a sum substantially less than the loss claimed amounts to a refusal to pay.").

AO 72A
(Rev. 8/82)

**CONCLUSION**

The Court has read and considered the positions of all parties to this action. For the reasons set forth above, Auto-Owners' summary judgment motion (Doc. No. 10) is **DENIED**.

**SO ORDERED**, this _____*29*_____ day of November, 2006.


JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)