IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| REBEL TRACTOR PARTS, INC., and REBEL AUCTION CO., INC., | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| AUTO-OWNERS INSURANCE COMPANY, | : | |
| Defendant. | : | NO. CV206-102 |

## O R D E R

Presently before the Court is Defendant's motion to dismiss or, in the alternative, compel Plaintiff to respond to Defendant's written discovery requests and to allow the examination of Dennis Ingley without interference.

Rule 37 of the Federal Rules of Civil Procedure provides a district court with authority to impose sanctions, including dismissal, on a party for abuse of the discovery process. Fed. R. Civ. P. 37(b)(2)(C).[1] "Rule 37 sanctions are intended to

---

[1] Federal Rule of Civil Procedure 37(b)(2)(C) provides, in part: "If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others . . . [a]n order . . . dismissing the action or proceeding or any part thereof . . .".

AO 72A
(Rev. 8/82)

prevent unfair prejudice to the litigants and insure the integrity of the discovery process." Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999). Although Rule 37 confers upon district court judges broad discretion to fashion appropriate sanctions for the violation of discovery orders, the decision to dismiss a claim "ought to be a last resort – ordered only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders." United States v. Certain Real Property Located at Route 1, Bryant, Ala., 126 F.3d 1314, 1317 (11th Cir. 1997) (quoting Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1556 (11th Cir. 1986)). As noted by the Eleventh Circuit, although Rule 37 does not require the court to formally issue an order compelling discovery before sanctions are imposed, the absence of decisional law from this Circuit upholding Rule 37 sanctions in the absence of a court order compelling discovery weighs against dismissal absent such an order. See id.

The Court finds insufficient evidence in the record to warrant dismissal. Plaintiffs contend that they did not receive the discovery when it was allegedly served and answers to the written discovery have since been served contemporaneously with Plaintiffs' response to the instant

AO 72A
(Rev. 8/82)

motion. Further, in light of Plaintiffs' Motion for Protective Order presently pending before the Court, the Court concludes that an order compelling discovery would be inappropriate at this time. Accordingly, Defendant's motion (Doc. No. 28) is **DENIED**.

**SO ORDERED**, this 7th day of August, 2007.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA